IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET SCHMIDT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| CALIBER HOME LOANS, INC. | § | JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") for which jurisdiction is proper in this Court and state law claims supplemental thereto. Venue lies in the Dallas Division of the Northern District of Texas since Plaintiff's claims arose from acts of the Defendant who has and at all times maintained an office in the District out of which it conducts business on a regular basis.

### PARTIES

2. Plaintiff, Bret Schmidt, is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA. Plaintiff is a resident and citizen of the State of Texas.

3. Caliber Home Loans, Inc. is a corporation organized under the laws of the state of Delaware, registered to conduct business in Texas, and may be served through its registered agent, CT Corp System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

### FACTUAL ALLEGATIONS

4. Plaintiff is an individual consumer as defined by 15. U.S.C. §1681a(c) of the FCRA.

5. HSBC is a furnisher as defined by the FCRA.

6. Caliber Home Loans is a furnisher as defined by the FCRA.

7. Defendant is inaccurately reporting an account owed by Plaintiff.

8. Plaintiff owned a home located at 260 Ridge Haven, Lewisville, Texas which was

financed by HSBC.

9. Plaintiff moved from the Lewisville home to a new home in Coppell, Texas in December, 2014.

10. Plaintiff notified HSBC of his new address in Coppell.

11. HSBC began sending invoices and other correspondence to Plaintiff at the Coppell address.

12. At all times, Plaintiff's account with HSBC was in good standing and all payments were timely made.

13. Plaintiff listed the Lewisville house for sale and obtained a buyer in late July, 2015.

14. HSBC submitted a payoff letter to the Title Company on July 31, 2015, which letter stated the payoff number was good through August 29, 2015.

15. The house sale closed August 18, 2017 and HSBC's loan was paid in full.

16. Approximately 3 months later, Plaintiff received a bill from HSBC which appeared to be similar to the previous payoff letter except it added an additional amount of approximately $1500 and showed the balance previously tendered as a series of prepayments.

17. HSBC commenced a campaign of collection including calling Plaintiff multiple times every day but no representative could answer what they were collecting.

18. Plaintiff filed a complaint with HSBC.

19. HSBC's response included a copy of a letter, allegedly mailed to Plaintiff but addressed to Plaintiff at Lewisville address which had been updated to the Coppell address 8 months prior. Plaintiff never received this letter. The letter included a bill for forced placed insurance which was placed on the home August 7, 2015.

20. At all times, the Lewisville home was fully insured.

21. HSBC knew the home was being sold.

22. HSBC made no attempt to contact Plaintiff prior to purchasing the forced placed

insurance.

23. Despite knowing the bill was not owed, was a breach of the loan contract, HSBC reported the alleged debt as an unpaid collection account on Plaintiff's credit report.

24. HSBC then sold the alleged debt, known to be wrong, to Caliber Home Loans, Inc.

25. Caliber Home Loans began to send bills, which by now was up to $4000, due to alleged late fees. In December, 2017, Caliber Homes sent Plaintiff a bill for $35,000.

26. Plaintiff sent a Qualified Written Request to Caliber Home Loans.

27. Subsequently, Caliber Home loans, Inc. released a nonexistent lien, charged off the account and reported the charge off to Plaintiff's credit report, but sent no response to Plaintiff.

28. The wrongly reported debts have resulted in a large drop in Plaintiff's previously excellent credit score.

29. The wrongly reported debt has prevented Plaintiff from obtaining a loan to refinance his home mortgage.

30. Plaintiff has disputed this debt, in writing, and online, multiple times, to the credit bureaus and to HSBC and Caliber Home Loans directly.

31. The credit bureaus forwarded Plaintiff's dispute to the respective furnishers.

32. Each new and wrongful report by the Defendant constitutes a new violation of the Fair Credit Reporting Act.

## CAUSES OF ACTION

### COUNT I

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 above as if fully set out herein.

34. Caliber Home Loans violated the Fair Credit Reporting Act, 15 U.S.C.§1681s-2(b) by publishing the account status within Plaintiff's credit file with one or more credit reporting agencies showing a balance owed and the account in default, and *by failing to fully and properly*

COMPLAINT                                                                                                                3

*investigate the Plaintiff's dispute of the reporting on the account*; by failing to review all relevant information regarding same, by failing to correctly report results of an accurate investigation to each credit reporting agency; and by failing to permanently and lawfully correct its own internal records to correct representations to the consumer reporting agencies.

35. As a result of this conduct, action and inaction of Caliber Home Loans, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, increased cost of credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36. Caliber Home Loan's conduct, action and inaction was willful, rendering it liable for actual or statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C.§1681o.

37. The Plaintiff is entitled to recover costs and attorney fees from Caliber Home Loans in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n and §1681o.

38. By reason of the allegations in this Complaint and the Fair Credit Reporting Act, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable in relation to the amount of work expended for which Plaintiff sues herein. The attorney whose name is subscribed to this pleading has been employed to assist Plaintiff in the prosecution of this action.

## COUNT II

39. Plaintiff re-alleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. Plaintiff brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C.§§s 2201, 2202.

41. Under the federal holder rule, Caliber Home Loans is subject to all claims and defenses which Plaintiff could assert against original lender.

42. Plaintiff requests a declaration that Plaintiff does not owe any additional funds to Caliber Home Loans and that the loan was paid in full at the closing of the home in August, 2017. Plaintiff requests a further finding that Caliber was not justified in adding forced placed insurance without verifying insurance coverage with Plaintiff and that its actions caused and continues to cause damages to Plaintiff.

43. Plaintiff further seeks his attorney fees, court costs and all other relief the Court deems appropriate.

44. Plaintiff requests a trial by jury.

WHEREFORE, your Plaintiff demands judgment for compensatory and punitive damages against Defendant; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

*/s/ Sharon K. Campbell*
Sharon K. Campbell
State Bar # 03717600
3500 Oak Lawn Ave, Suite 110
Dallas, Texas 75205
Telephone: 214/351-3260
Fax: 214/443-6055
Sharon@SharonKCampbell.com