IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRET SCHMIDT**<br>　　　　*Plaintiff*,<br><br>v.<br><br>**CALIBER HOME LOANS, INC.**,<br>　　　　*Defendant*. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:21-cv-00931-E<br>§<br>§<br>§<br>§ |

### DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT, AND IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Caliber Home Loans, Inc. ("Caliber"), files this Motion to Dismiss Plaintiff Bret Schmidt's ("Plaintiff") Complaint, and in the alternative, Motion for More Definite Statement Pursuant to Rule 12(e), stating as follows:

### I.   INTRODUCTION

1. Plaintiff filed this lawsuit asserting claims of violations of the Fair Credit Reporting Act ("FCRA") related to lender placed insurance ("LPI") coverage placed on Plaintiff's property before he sold the property in August 2015. Plaintiff also seeks declarations from the Court that Plaintiff does not owe any money to Caliber, that the loan in question was paid in full, and that the placement of LPI was not justified. Plaintiff alleges that he disputed this debt in writing and online multiple occasions, to the credit bureaus (also known as consumer reporting agencies ("CRAs")), to HSBC Bank (Caliber's predecessor) and to Caliber. Complaint ¶ 30.

2. This Court should dismiss Plaintiff's FRCA claim under Rule 12(b)(6) because the claim is barred by the applicable statute of limitations. The FCRA claim arose, at the latest, on April 19, 2018 – when Caliber investigated Plaintiff's allegations that Caliber was inaccurately reporting the underlying debt. Plaintiff knew of the alleged inaccurate reporting, made complaints

1

with the CRAs, and Caliber investigated the complaints. Because the FCRA has a two-year statute of limitations, Plaintiff's FCRA claim was barred no later than April 19, 2020. However, Plaintiff did not file suit until over a year later – on April 23, 2021. Plaintiff's declaratory judgment claim must also be dismissed pursuant to Rule 12(b)(6) because there is no justiciable controversy or dispute between the parties relating to the debt – the debt is charged-off and no longer being pursued – and Plaintiff has failed to allege facts establishing that the alleged wrongful conduct is attributable to Caliber.

3. In the alternative, Caliber requests that the Court order Plaintiff to amend his Complaint pursuant to Rule 12(e), to provide a more definite statement, so that Caliber is able to adequately respond. Plaintiff's Complaint contains vague and conclusory allegations and statements, seemingly in an attempt to obscure the limitations issue.

## II.   BACKGROUND[1]

4. Plaintiff previously owned the real property commonly known as 260 Ridge Haven, Lewisville, Texas 75067 (the "Property"). Complaint ¶ 8 (Doc. 1). Plaintiff pleads that on August 7, 2015, HSBC, Caliber's predecessor-in-interest, procured LPI to insure the Property. *Id.* ¶ 19. Later that month, in August 2015, Plaintiff sold the Property to a third-party. *Id.* ¶¶ 13-15. *See* Exhibit A, Warranty Deed.[2]

---

[1] The well-pleaded factual allegations of the Complaint are presumed to be true for purposes of this Motion only. Caliber sets forth the pleaded facts in this Background section but does not admit or concede these facts are true.

[2] Caliber requests that the Court take judicial notice of the Warranty Deed with Vendor's Lien from Bret W. Schmidt and Virginia D. Schmidt to Chris Leggett and Amanda Leggett, dated August 18, 2015 and recorded in the Real Property Records of Denton County, Texas under document number 2015-95423. It is appropriate to consider the publically available Warranty Deed in this matter to conclusively establish the date the Property was sold – August 18, 2015. When evaluating a Motion to Dismiss, the Court may consider any documents attached to or incorporated into the Complaint that are central to the claims contained within the Complaint and public documents of which the Court can take judicial notice pursuant to FED. R. EVID. 201, without converting the motion into a motion for summary judgment. *See Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001).

92172121v.1

5. Plaintiff received a $1,500 bill from HSBC relating to the LPI approximately three (3) months after the sale. *Id.* ¶ 16. HSBC reported the alleged debt as an unpaid collection account on Plaintiff's credit report. *Id.* ¶ 19. The debt was then sold to Caliber. *Id.* ¶ 24. Caliber began efforts to collect on the debt. *Id.* ¶ 25. Plaintiff states that in response to Caliber's attempt to collect the debt, he sent a Qualified Written Request ("QWR") to Caliber. *Id.* ¶ 26. Plaintiff alleges that Caliber then released a non-existent lien, charged off the account, and reported the charge-off to Plaintiff's credit report. *Id.* ¶ 27.

6. Plaintiff claims the "wrongly reported debts" have resulted in a large drop in his credit score and has prevented him from refinancing his current home. *Id.* ¶¶ 28-29. Plaintiff alleges that he has "disputed this debt, in writing, and online, multiple times, to the credit bureaus and to HSBC and Caliber Home Loans directly." *Id.* ¶ 30. However, Plaintiff fails to identify the basic facts surrounding these disputes; specifically, when he discovered that Caliber was allegedly incorrectly reporting the debt, how the debt was being inaccurately reported, and when he made these disputes to the CRAs and Caliber.

7. On April 23, 2021, Plaintiff filed his Complaint. *See* Doc. 1. Plaintiff asserts a claim against Caliber for violations of the FCRA Section 1681s-2(b) and alleges that Caliber: (1) published the account status within Plaintiff's credit file with one or more credit reporting agencies showing a balance owed and the account in default, (2) failed to fully and properly investigate the Plaintiff's dispute of the reporting on the account; (3) failed to review all relevant information regarding Plaintiff's dispute of the credit reporting; (4) failed to correctly report results of an accurate investigation to each credit reporting agency; and (5) failed to permanently and lawfully correct its own internal records to correct representations to the consumer reporting agencies. *Id.* ¶ 34. Plaintiff also seeks judgment from the Court declaring that: (1) Plaintiff does

not owe any additional funds to Caliber; (2) that the Loan was paid in full upon the sale of the Property; and (3) Caliber was not justified in adding LPI without verifying insurance coverage with Plaintiff. *Id.* ¶ 42.

### III.   ARGUMENT AND AUTHORITIES

A.   **PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO RULE 12(B)(6)**

   1.   *Rule 12(b)(6) Legal Standard*

   8.   A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard does not require "detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under Rule 12(b)(6), a party may "move for dismissal for a failure to state a claim upon which relief can be granted." *Lemieux v. American Optical Corp.*, 712 F. App'x 409, 412 (5th Cir. 2018) (quotation marks omitted). Dismissal is appropriate "when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgm't LLC*, 657 F.3d 252, 254 (5th Cir. 2011).

   9.   The Fifth Circuit has summarized the applicable standard:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (internal quotation marks and citations omitted). When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that

are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank*, 594 F.3d 383, 387 (5th Cir. 2010).

### 2. Plaintiff's FCRA Claim is Time-Barred

10. Plaintiff's FCRA claim expired approximately a year before he filed suit against Caliber and the claim cannot be revived. The statute of limitations for an FCRA claim is 2 years after the date of discovery by the plaintiff of the violation that is the basis for such alleged liability or 5 years after the date on which the violation that is the basis for such liability occurs, whichever is earlier. 15 U.S.C. § 1681p. Because Plaintiff's claim arose at the latest on April 19, 2018 and Plaintiff did not file the lawsuit until April 23, 2021 – more than three year later – Plaintiff's claim is barred.

11. Importantly, the FCRA's two-year limitations period begins to run when the plaintiff discovers the facts giving rise to a claim, rather than when he discovers that those facts constitute a legal violation. *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014). The limitations period begins to run once a plaintiff has inquiry notice of the violation; in other words, the accrual date is when the plaintiff has information of sufficient specificity from which he could have learned of the violation. *Willey v. J.P. Morgan Chase, N.A.*, 2009 WL 1938987, at *5-7 (S.D.N.Y. July 7, 2009). "A claimant may be charged with constructive notice of the relevant facts if, in the exercise of due diligence, he should have acquired actual knowledge" of the relevant facts. *McCune v. United States DOJ*, 592 Fed.Appx. 287, 291 (5th Cir. 2014).

12. In the case at hand, Plaintiff claims that Caliber violated the FCRA Section 1681s-2(b), by, among other things, "fail[ing] to fully and properly investigate Plaintiff's dispute of the reporting on the account." Complaint ¶ 34. In the Complaint, Plaintiff alleges that he disputed the

loan information with the CRAs, HSBC, and Caliber "multiple times," but did not indicate the date(s) which he disputed the debt.  Complaint ¶ 30.

13. The statute of limitations began to run when Plaintiff discovered the facts giving rise to his claim – in other words, when Plaintiff discovered that Caliber was allegedly "wrongfully reporting" the debt as charged-off. Complaint ¶¶ 27-28. Although Plaintiff fails to identify when he learned of the allegedly wrongfully reported debts, Plaintiff knew of the allegedly wrongfully reported debts when he made complaints to the CRAs, and when, in turn, Caliber investigated Plaintiff's complaints. Caliber investigated Plaintiff's allegations that the debt was being inaccurately reported on at least two occasions – on April 16, 2018 and April 19, 2018. *See* Exhibits B and C.[3]

14. Therefore, the two-year statute of limitations began to run, at the latest, on April 19, 2018, when Caliber performed an investigation into Plaintiff's allegations that the debt was being incorrectly reported as charged-off. Plaintiff knew of the alleged "wrongly reported debts" when he submitted his dispute to the CRAs, which triggered Caliber's duty to investigate the claims. Therefore, at the latest, the limitations period commenced on April 19, 2018 and expired on April 19, 2020.  Plaintiff did not file suit against Caliber asserting any FCRA claim until April

---

[3] Caliber requests that the Court consider this evidence without converting the Motion to Dismiss into a Motion for Summary Judgment because the evidence is referenced in Plaintiff's Complaint and integral to at least one claim in the proceeding. Extrinsic evidence is part of a complaint when it is (1) attached to the pleading, (2) incorporated by reference in the pleadings, or (3) the court deems the evidence integral to at least one claim in the pleading. *See Bank of New York Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc.*, No. 11 Civ. 0505, WL 2610661, at *3 (S.D.N.Y. June 27, 2011) ("In deciding a motion to dismiss, this Court may consider the full text of documents that are quoted in or attached to the complaint, or documents that the Plaintiff either possessed or knew about and relied upon in bringing the suit. Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim – and that they apparently most wanted to avoid – may not serve as a means of forestalling the district court's decision on the motion.") (internal citations omitted); *see also Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (stating that in considering a 12(b)(6) motion to dismiss, the court may rely upon the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice) (internal citations omitted).

92172121v.1

23, 2021. *See* Complaint. Because the statute of limitations had expired more than a year prior to Plaintiff's initiation of this lawsuit, any FCRA claim against Caliber is time-barred.

15. There can be no question that Plaintiff had abundant time to file the complaint against Caliber. Plaintiff disputed the debt "multiple times" to the CRAs, HSBC, and Caliber. Plaintiff cannot plausibly claim he did not discover the alleged error on his credit reports until April 23, 2019 – two years prior to the filing of the Complaint – because Caliber investigated Plaintiff's alleged FCRA complaints on April 16, 2018 and April 19, 2018. *See Mack v. Equable Ascent Fin., LLC,* 748 F.3d 663, 665 (5th Cir. 2014) (applying the "general approach under the discovery rule that a limitations period begins to run when a claimant discovers the facts that gives rise to a claim."). Because Plaintiff's FCRA claim was not filed until April 23, 2021, it is time-barred and should be dismissed.

> 3. *Plaintiff's requests for declaratory relief related to the underlying debt should be dismissed because Plaintiff fails to allege any facts giving rise to a plausible substantive claim or suggesting a present, genuine controversy between the parties.*

16. Plaintiff seeks declarations from the Court that: (1) Plaintiff does not owe any additional funds to Caliber; (2) that the Loan was paid in full upon the sale of the Property; and (3) Caliber was not justified in adding LPI without verifying insurance coverage with Plaintiff. Complaint ¶ 42.

17. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (West 2010). The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs*

*Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:03–CV–1658–D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009). The availability of a declaratory judgment depends upon the existence of a judicially remediable right. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).

    a.    <u>Plaintiff's Request for Declaratory Relief that Plaintiff Does Not Owe Any Additional Funds to Caliber Must Fail Because There is No Justiciable Controversy as to the Status of the Debt</u>

18.    Plaintiff requests that the Court declare that Plaintiff does not owe any additional funds to Caliber. Complaint ¶ 42. The Court should decline to issue a declaration that Plaintiff does not owe any additional funds to Caliber because there is no justiciable controversy or dispute regarding the debt. *See Lowe v. Ingalls Shipbldg.*, 723 F.2d 1173, 1179 (5th Cir. 1984). Plaintiff's Complaint acknowledges that Caliber has charged-off the underlying debt. Complaint ¶ 27. Therefore, it is undisputed from Plaintiff's Complaint that Caliber is not seeking to collect any additional funds from Plaintiff. Thus, Plaintiff has failed to allege facts from which a continuing controversy may be reasonably inferred and the declaratory judgment claim predicated on this request should be dismissed. *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003).

    b.    <u>Plaintiff's Requests for Declaratory Relief Related to the Sale of the Property or Placement of LPI Fail Because the Allegedly Wrongful Conduct is Not Attributed to Caliber</u>

19.    Plaintiff also requests that the Court issue declarations that: (1) that the Loan was paid in full upon the sale of the Property; and (2) Caliber was not justified in adding LPI without verifying insurance coverage with Plaintiff. However, Plaintiff has failed to state a claim against Caliber relating to these claims because Plaintiff's Complaint confirms that the allegedly wrongful conduct is not attributed to Caliber, but to HSBC, and that Caliber did not participate in selling the Property or procuring LPI. Complaint ¶¶ 15; 19-22 (stating that HSBC charged Plaintiff for LPI prior to the sale of the Property); *see Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request

for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Accepting Plaintiff's allegations as true, Plaintiff fails to plead any facts showing that Caliber acted wrongfully. Indeed, Plaintiff's Complaint establishes that Caliber did not participate in the sale of the Property or procurement of LPI. Complaint ¶¶ 15; 19-22. Therefore, the Court should deny Plaintiff's requests for declaratory judgment and dismiss this lawsuit in its entirety.

**B.    IN THE ALTERNATIVE, CALIBER'S MOTION FOR MORE DEFINITE STATEMENT**

20.    In the event the Court determines the Complaint should not be dismissed for Plaintiff's failure to state a claim, Caliber respectfully requests that the Court direct Plaintiff to file a more definite statement. Plaintiff's Complaint contains vague and conclusory allegations and statements, seemingly in attempt to disguise the statute of limitations issue. As such, Caliber is unable to fully respond to the Complaint.

21.    Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED R. CIV. P. 12(e); *see also Beanel v. Freeport–McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)"). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A Rule 12(e) motion may be appropriate "if a pleading fails to specify the allegations in a manner that provides sufficient notice." *Id.* at 514.

22.     Plaintiff makes vague allegations that the debt is "wrongly reported." Complaint ¶ 28. However, Plaintiff fails to identify the basic facts surrounding the allegedly wrongly reported debt that would give fair notice to Caliber of the basis of the claims asserted. Importantly, the Complaint fails to assert how the debt is being "wrongly" reported by Caliber. Further, the Complaint generally lists numerous alleged violations of the FCRA without identifying the factual basis to support the claim. Complaint ¶ 34. For example, Plaintiff fails to identify the basic facts surrounding the alleged inadequate FCRA investigation such as the findings of the investigation, how the investigation was conducted, who conducted the investigation, when the investigation was conducted, and how the investigation violated the FCRA. Complaint ¶ 34. Therefore, in the alternative to its Motion to Dismiss under Rule 12(b)(6), Caliber requests that the Court direct Plaintiff to file a more definite statement so that Caliber may adequately respond to the Complaint.

## IV.     PRAYER

WHEREFORE, Caliber Home Loans, Inc. respectfully requests that the Court grant this Motion, and pursuant to Federal Rule of Civil Procedure 12(b)(6), enter an order dismissing Plaintiff's claim with prejudice.  In the event that the Court determines not to dismiss the Complaint under 12(b)(6), Caliber requests, in the alternative, that the Court order Plaintiff to provide more specific allegations concerning Caliber's alleged conduct so that Caliber may fully and accurately respond to such claims. Caliber further requests all other relief, at law and in equity, to which it is justly entitled.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Jennifer Juergens*
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Christopher M. Boeck**
  State Bar No. 24050301
  cboeck@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**Jennifer Juergens**
   State Bar No. 24101983
    Jennifer.juergens@lockelord.com
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**COUNSEL FOR DEFENDANT**
**CALIBER HOME LOANS, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record as indicated below on this 8th day of June 2021:

**VIA ECF**
Sharon K. Campbell
3500 Oak Lawn Ave., Suite 110
Dallas, Texas 75205
Phone: (214) 351-3260
Fax: (214) 4436055
Email: sharon@SharonKCampbell.com
*Attorney for Plaintiff*

*/s/ Jennifer Juergens*
Counsel for Defendant