**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRET SCHMIDT** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | **3-21-cv-00931-E** |
| | § | |
| **CALIBER HOME LOANS, INC.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

### INTRODUCTION

Defendant Caliber Home Loans, Inc. ("Caliber") has filed this Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that Plaintiff's complaint fails to state a cause of action upon which any relief can be granted. Plaintiff responds that there are insufficient grounds for dismissal of Plaintiff's complaint for alleged deficiencies named by Defendant.

### STATEMENT OF FACTS

Plaintiff filed his Complaint in this case against Defendant for violations of the Fair Credit Reporting Act and for Declaratory Judgment arising out of the erroneous reporting of a debt by Caliber on his credit report. Although disputed by Plaintiff many times, Defendant Caliber failed to conduct a reasonable investigation and continues to attempt to collect the debt by reporting the debt on Plaintiff's credit report. Plaintiff seeks relief under the named statutes for damages resulting both from Defendant's collection efforts on a fraudulent debt and for Defendant's failure to conduct a reasonable investigation of the fraudulent charges. Plaintiff's claims are factually and legally supported, as set forth more fully below, and are not barred by limitations.

### MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### ARGUMENT AND AUTHORITIES

### RULE 12(b)6) STANDARD OF REVIEW

1

In deciding a motion to dismiss, a district court must accept the facts as alleged in the complaint as true. *Scheuer v Rhoades,* 416 U.S. 232 (1974). Federal pleading is notice pleading, not fact pleading. Fed.R.Civ.P.8(a)(2). 12(b)(6) motions are strongly discouraged. *Katzenbach v Richards,*464 F.3d 524 (5th Cir. 2006) and should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ", cited in *Katzenbach* at 524.

The Fifth Circuit has consistently disfavored dismissal under Rule 12(b)(6). See *Hall v Thomas,* 190 F.3d 693 (5th Cir. 1999) and *Mahone v Addicks Utility Dist. Of Harris County,* 836 F.2d 921 (5th Cir. 1988). Plaintiff has set forth detailed factual allegations, especially in his First Amended Complaint, and not made mere conclusory allegations. A complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v Gibson,* 355 U.S. 41 (1957). If the facts set forth in Plaintiff's Amended Complaint are true, they support claims under both the Fair Credit Reporting Act and a Declaratory Judgment Action.

## FAIR CREDIT REPORTING ACT

Plaintiff has stated claims upon which relief can be granted against Caliber because Plaintiff has properly stated a claim under the Fair Credit Reporting Act. As required to make a case under the Fair Credit Reporting Act ("FCRA" herein), Plaintiff has alleged, in his Amended Complaint, that he has disputed with both the furnisher (Caliber) and the credit reporting agencies the inaccurate reporting of an alleged debt on his credit report. Amended Complaint ¶18, 26, 30, 31. Plaintiff also alleges that the Defendant verified the false report of the alleged debt. Amended Complaint, ¶ 31,33.

Defendant claims that Plaintiff cannot attribute wrongful conduct to Caliber because it was HSBC who originally charged Plaintiff the wrongful charges. Caliber is responsible, however, because it is Caliber who is reporting the charged off debt on Plaintiff's credit report and it is Caliber who has failed to conduct a reasonable investigation about those charges it is reporting. Under 15 U.S. C. §1681s-2(b), after receiving notice from a consumer reporting agency regarding information reported on a consumer's credit report, the furnisher *shall*

2

(A)    conduct an investigation with respect to the disputed information;

(B)    review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(s) of this title;

(C    report the results of the investigation to the consumer reporting agency;

(D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly -

>    (i) modify that item of information;

>    (ii) delete that item of information; or

>    (iii) permanently block the reporting of that item of information.

15 U.S.C. §1681s-2(b).   Plaintiff's complaints, as set forth in his Amended Complaint, fall directly under this provision.  Plaintiff alleges that had the Defendant conducted  a reasonable investigation, as required under the statute,  Defendant would have discovered the debt was wrongful and not owed by Plaintiff, thus inaccurate, and would then be required to either modify the report or more correctly delete the item of information from Plaintiff's credit report.  The furnisher's duties under the FCRA, as set forth above, is to investigate the accuracy of information published by a credit reporting agency regarding a consumer's credit information. If the information is in fact inaccurate and was not so acknowledged by the furnisher, that would be a failure to acknowledge the debt was unauthorized and not owed, leaving the erroneous entry on Plaintiff's credit report. The  continued publishing of the inaccurate information on the consumer's credit report results from Defendant's failure to conduct a reasonable investigation and correct its records following an actual and factual investigation. All

3

such claims fall squarely within 15 U.S.C. §1681s-(2)b.

Defendant correctly states that Plaintiff's claims are that the Defendant failed to conduct a reasonable investigation. At this stage in the litigation, prior to conducting any discovery, it is premature to require the Plaintiff to marshall facts concerning the investigation undertaken by the Defendant. Plaintiff does not know, and is not in a position to know, what steps were undertaken by the Defendant upon its receipt of the complaints initiated by Plaintiff and sent both to the consumer reporting agencies and directly to the Defendant. The attachment of the unauthenticated FCRA investigation form to Defendant's motion are not conclusive as to the investigation undertaken, or not, by Defendant. Whether a defendant's investigation is reasonable is a factual question normally reserved for trial. *Maloney v LVNV Funding, LLC., (*N.D. Tex. October 20, 2006), citing *Crabill v Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001); *Notley v Sterling Bank,* 2007 WL 188682 (N.D. Tex. Jan. 24, 2007). Most courts have been consistent in holding that a determination of "reasonableness" of an investigation under this statute, is a question of fact reserved for the jury. *Dalton v. Capital Associated Industries, Inc.,* 257 F. 3d 409 (4th Cir. 2001); *Crabill v. Trans Union,* 259 F. 3d 662 (7th Cir.2001).

Under 15 U.S.C. §1681s-2(b), Plaintiff is required only to submit all relevant information regarding his dispute to the credit reporting agencies, and he may provide the information directly to the furnisher. Upon doing so, Plaintiff has no further responsibilities. Plaintiff has set forth, in the Amended Complaint, the nature of his dispute, that it was communicated in writing, with supporting documentation, to both the credit reporting agencies and Caliber. The complaint is that Defendant, upon receipt of all relevant information submitted with Plaintiff's written disputes, failed to conduct a reasonable investigation. Amended Complaint §,31,32,33, 34.

### PLAINTIFF'S CLAIMS ARE TIMELY AND NOT BARRED BY LIMITATIONS

Defendant is inaccurate in its determination of the calculation of limitations. Under the statute, the discovery limitations period is triggered by *knowledge of the specific statutory violation*, not the knowledge of the damage. The specific statutory violation is the failure to conduct a

4

reasonable investigation. To trigger the discovery prong of the statute of limitations provision, one needs knowledge of the actual facts of the violation - knowledge of the facts showing precisely what made the investigation unreasonable.  How can a consumer have the specific knowledge without knowing what was done in the investigation? A consumer is in no position to know Caliber's internal investigation procedures. A consumer could not know what information was reviewed, what analysis was made, or how the investigation was conducted. In its analysis for a motion on similar facts, one Court noted in a footnote " Though not necessary for resolving this motion, it would be difficult to determine exactly what a consumer discovered at such an early stage of the litigation." *Broccuto v Experian Information Solutions, 2008 U.S. Dist. LEXIS 37079 (E.D. Va. 2008) p. 3 fn1.*

The Court in *Broccuto*  decided it could not reconcile the logic they expressed with a plain reading of the FCRA.

> "The statute's construction creates a violation every time a consumer submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by statute. The fact that the account or transactions questioned in the instant dispute may have also been the subject of a previous dispute does not mitigate the obligations of the bank or credit reporting agency to take the actions outlined in §1681s-2(b)(1)(A)-(D).

*Broccuto*, p. 8,9. The court went on to allow the counts relating to disputes made within 2 years of filing to proceed. The *Broccuto* Court also cited to the 5th Circuit decision *Hyde v Hibernia,* 861 F.2d 446 (5th Cir. 1988), which held that each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies. In *Hyde*, the consumer did not submit a written dispute until three years after his discovery of the error on his credit report. The Court did not view the alleged error as a continuous wrong  but rather each new issuance as a new and distinct injury. "The failure of the consumer to mitigate his damages by filing suit when he is first injured, thus permitting a more widespread circulation of the credit information, should have a bearing [only] on the [calculation of] damages." *Hyde v Hibernia,* p. 450; *Young v Equifax,* 294 F. 3d 631 (5th Cir. 2002) ("the republication of credit information resulting in a new denial of credit constitutes a distinct harm and gives rise to a new cause of action separate from the original publication."); *Boley v MBNA*

*America Bank,* 2003 WL 22350752 (N.D. Tex. 2003).

As alleged in the Amended Complaint, Plaintiff has disputed the debt multiple times, many times within the two years prior to filing this suit. Plaintiff disputed this account with Trans Union in September, 2019 and with Experian in December, 2019. Amended Complaint ¶31  Additionally, Plaintiff attempted to refinance his home in October, 2019 and August, 2020, and was denied each time solely due to the Caliber report. Amended Complaint ¶32,33.  That a credit denial was made illustrates that the wrongful debt was published again, as late as August, 2020, well within the 2 years prior to filing the original complaint.   Amended Complaint ¶33.  Because Plaintiff has stated claims in a timely fashion and sufficient to establish grounds for relief, Defendant's Motion to Dismiss must be denied.

## THERE IS A JUSTICIABLE CONTROVERSY AS TO STATUS OF DEBT

Defendant takes the position that because the debt has been charged off, the debt is no longer being collected.  The position reflects an inaccurate understanding of what a "charged off" debt actually is.  A charge-off occurs when a creditor moves a debt from profit to loss on its balance sheet. FTC Staff Summary §605(c) item 3. A charged off account is a negative attribute of an account, a detrimental report of the status of a debt.  Moreover, a charged off debt may still be collected. The United States has a "Uniform Retail Credit Classification and Account Management Policy" that states that retail loans past due for 180 days should be classified as losses and charged off. This policy is a required accounting practice. 65 Fed. Reg. 36,903 (June 12, 2000). Charging or writing off a debt does not mean that the creditor has agreed to cancel the debt. *Kelly v Wolpoff & Abramson, LLP*, 634 F. Supp. 2d 1202 (D. Colo. 2008). Indeed, the report of this charge off is the very basis of Plaintiff's complaint: that it is incorrect and that it is damaging to his credit report to the extent it is preventing him from refinancing his home.

Although Caliber may not have created the debt, Caliber is reporting the debt, which is the violation, and is thus validating the debt as rightfully incurred.

6

## CONCLUSION

Because the Amended Complaint as it currently stands was filed within two years of the conclusion of the Defendant's investigations of Plaintiff's claims and because Plaintiff has set forth the facts, which, if true, substantiate claims under both the Fair Credit Reporting Act, Plaintiff requests Defendant's Motion be denied.

Respectfully submitted,

   */s/ Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3500 Oak Lawn Ave., Suite 110
Dallas, Texas 75219
Telephone: 214/351-3260
Fax: 214/443-6055
Sharon@SharonKCampbell.com

### CERTIFICATE OF SERVICE

In keeping with Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record, via

____ CERTIFIED MAIL/RETURN RECEIPT REQUESTED

____ TELEPHONIC DOCUMENT TRANSFER (FAX)

____ FEDERAL EXPRESS

____ COURIER/RECEIPTED DELIVERY

____ REGISTERED MAIL/RETURN RECEIPT REQUESTED

____ HAND-DELIVERY (IN PERSON)

____ REGULAR MAIL

__x_ ELECTRONIC FILING

DATED:  _June 29, 2021_____

   */s/ Sharon Campbell*

7

8