IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRET SCHMIDT** § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-cv-00931-E |
| § | |
| **CALIBER HOME LOANS, INC.,** § | |
| *Defendant*. § | |
| § | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND BRIEF IN SUPPORT, AND IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendant Caliber Home Loans, Inc. ("Caliber"), files this Reply in Support of its Motion to Dismiss Plaintiff Bret Schmidt's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in the alternative, Motion for More Definite Statement Pursuant to Rule 12(e) (the "Motion") (Doc. 8), stating as follows:

1. Plaintiff's Response to the Motion confirms that the Court should dismiss Plaintiff's FCRA claim because the claim is barred by the applicable statute of limitations.

2. The FCRA has a two-year statute of limitations after the date of discovery by the plaintiff of the violation that is the basis for such alleged liability or five years after the date on which the violation that is the basis for such liability occurs, whichever is earlier. 15 U.S.C. § 1681p. The limitations period begins to run when the plaintiff discovers the facts giving rise to a claim, rather than when he discovers that those facts constitute a legal violation. *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665-66 (5th Cir. 2014). The relevant discovery is that of the violation that is the basis for liability. *Id.* at 665.

3. The violation that Plaintiff alleges is that Caliber wrongly reported the debt to the CRAs and failed to conduct an investigation into Plaintiff's complaints. *See* Amended Compl. ¶

93083214v.1

37 (Doc. 9).[1] However, Plaintiff knew of the alleged inaccurate reporting in April 2018 – when he made complaints to the CRAs and when, in turn, Caliber investigated Plaintiff's complaints. *See* Exhibits B and C to Motion (Doc. 8-1). Therefore, Plaintiff had or should have had knowledge of the "facts that [give] rise to a claim" under the FCRA no later than April 2018. *Mack*, 748 F.3d 665-66. Because Plaintiff did not file suit against Caliber until April 23, 2021, Plaintiff's claim is time-barred.

4. Plaintiff alleges that Caliber failed to investigate or change the "incorrect report" when he submitted his "most recent disputes" with the CRAs in December 2019. *Id.* ¶ 31. To the extent that Plaintiff alleges that each alleged dispute with the CRAs or Caliber re-starts the clock for purposes of the statute of limitations, the court should also reject this argument. *Fillmore v. Equifax Information Services, LLC,* 2017 WL 9292186, at *2 (W.D. Tex. July 17, 2017); *see also Bittick v. Experian Info. Sols.*, 419 F.Supp. 2d. 917, 919 (N.D. Tex. 2006) (pointing out that to hold otherwise "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency."). To the extent that Plaintiff alleges a "continuing injury" from the allegedly incorrect credit reporting or advances the argument that the statute of limitations should not apply, the court should decline to recognize the continuing injury argument in the context of FCRA claims as other courts have held. S*ee e.g., Sparks v. Countrywide Home Loans, Inc.*, 2015 WL 6556542, at *5 (E.D. KY Oct. 2015); *Lawhorn v. Trans Union Credit Information Corp.,* 515 F.Supp. 19 (E.D. Mo. 1981); *see also Bermundez v. Equifax Info. Servs., LLC*, 2008 WL 5235161, at *2 (M.D. Fla. Dec. 15, 2008). Plaintiff's FCRA claim is time-barred and should be dismissed.

---

[1] The Motion was based on Plaintiff's Original Complaint. (Doc. 1) Plaintiff filed a First Amended Complaint simultaneous with his Response to the Motion to Dismiss. (Doc. 8). Plaintiff's First Amended Complaint alleges minimal new facts and adds three new paragraphs in attempt to overcome the statute of limitations issue. *See* Amended Compl. ¶¶ 31-33.

Respectfully submitted,

**LOCKE LORD LLP**

*/s/ Jennifer Juergens*
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
**Christopher M. Boeck**
  State Bar No. 24050301
  cboeck@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

**Jennifer Juergens**
   State Bar No. 24101983
    Jennifer.juergens@lockelord.com
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas  77002
Telephone: (713) 226-1200
Facsimile:  (713) 223-3717

**COUNSEL FOR DEFENDANT**
**CALIBER HOME LOANS, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record as indicated below on this 13th day of July 2021:

**VIA ECF**
Sharon K. Campbell
3500 Oak Lawn Ave., Suite 110
Dallas, Texas 75205
Phone: (214) 351-3260
Fax: (214) 4436055
Email: sharon@SharonKCampbell.com
*Attorney for Plaintiff*

*/s/ Jennifer Juergens*
Counsel for Defendant

93083214v.1