IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET SCHMIDT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-00931-E |
| | § | |
| CALIBER HOME LOANS, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support. (Doc. 8). The Court has considered the motion, response, reply, applicable law, and applicable portion of the record. The Court finds that the motion should be, and therefore is, GRANTED.

**I.   Background**

This case concerns alleged violations of the Fair Credit Reporting Act between Caliber Home Loans, Inc. (hereinafter "Defendant") and Bret Schmidt (hereinafter "Plaintiff"). After Plaintiff moved homes, Defendant proceeded to send bills to Plaintiff's prior address. Once Plaintiff became aware of these alleged debts, Plaintiff alerted Defendant and repeatedly disputed the debt, to no avail. Plaintiff claims that this wrongfully reported debt caused a large drop in his credit score, preventing him from securing a loan to refinance his home.

Plaintiff owned a home financed by HSBC.[1] Plaintiff then moved to a new home and notified HSBC of this change, and HSBC began sending all correspondence to Plaintiff's new address. At all times, Plaintiff's account with HSBC was in good standing. After listing his original home for sale, Plaintiff obtained a buyer in late July 2015. HSBC submitted a payoff letter to the Title

---

[1] HSBC stands for The Hongkong and Shanghai Banking Corporation Limited.

Company on July 31, 2015, stating the payoff was good through August 29, 2015. The house sale closed on August 8, 2017, and HSBC's loan was paid in full.

Approximately 3 months later HSBC sent a bill to Plaintiff similar to the original payoff letter but with an added amount of $1500 and a showing of the balance previously tendered as prepayments. HSBC commenced daily collection efforts from Plaintiff, although the subject of the collection was unclear. Plaintiff then filed a complaint with HSBC, whose response was then sent to Plaintiff's original address and included a bill for forced placed insurance. Plaintiff states that he never received the letter. At all times the original home was fully insured, HSBC knew the home was being sold, and HSBC did not begin collection efforts prior to purchasing the forced placed insurance. HSBC reported the alleged debt as an unpaid collection on Plaintiff's credit report, and then sold the alleged debt to Defendant, who began attempting to collect from Plaintiff. In December 2017, Defendant sent Plaintiff a bill for $35,000. Plaintiff sent a Qualified Written Request to Defendant, who then released a lien, charged off the account, and reported the charge to Plaintiff's credit report, without responding to Plaintiff. Plaintiff has disputed the reported debt to credit bureaus, HSNC, and Defendant, with the most recent disputed submitted in late 2019.[2]

Disagreement over the reporting of the debt, the timing of the reporting, and the timing of the discovery of the alleged inaccurate reporting led Plaintiff to sue Defendant for violations of the FCRA §1681a-2(b) and a declaratory judgment. Defendant timely filed a Motion to Dismiss arguing that Plaintiff's FCRA claim is barred by the statute of limitations and Plaintiff's declaratory judgment claim must also be dismissed because there is no justiciable controversy or dispute. Plaintiff responds by arguing that his claim was timely filed and there is a justiciable

---

[2] Plaintiff claims his applications to refinance his home have been denied solely because of Defendant's reports.

controversy as to status of the debt. Defendant replies supporting its Motion to Dismiss, and in the alternative, moves for a Motion for More Definite Statement.

## II. Legal Standard

### a. Motion to Dismiss – 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678.

## III. Analysis

### a. Plaintiff's Fair Credit Reporting Act claim is barred by the statute of limitations.

The statute of limitations may be proper grounds for a Rule 12(b)(6) dismissal if it is evident from a plaintiff's complaint that the action is barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2006). Under 15 U.S.C. § 1681p, the plaintiff must initiate suit either (1) two years

after the date the plaintiff discovers facts that form the basis for such liability, or (2) five years after the date on which the violation that is the basis for such liability occurs, whichever is earlier.

Defendant argues that the FCRA claim arose at the latest on April 19, 2018 – when Defendant investigated Plaintiff's allegations that Defendant was inaccurately reporting the underlying debt. Defendant states that since Plaintiff did not file suit until April 23, 2021, the claim is barred as more than two years have passed. The two-year limitations period begins to run when a claimant discovers the facts that give rise to a claim—not when a claimant realizes such facts constitute a legal violation. *See Mack v. Equable Ascent Fin.*, LLC, 748 F.3d 663, 665–66 (5th Cir. 2014). Thus, the limitations period began when Plaintiff discovered that Defendant was allegedly wrongly reporting the debt.

Because Plaintiff fails to identify when he learned of the alleged wrongfully reported debt, either in the Complaint or Response to Motion to Dismiss, the Court should take the Defendant's date of April 19, 2018, as factual since it is not "necessary or proper to assume that the plaintiffs can prove facts that they have not alleged." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir. 1986) (affirming district court's dismissal of the plaintiff's claim as the plaintiffs' injuries were not a direct consequence of the defendants' activities). Plaintiff wrongly states that the discovery limitations period is triggered by knowledge of the specific statutory violation, not the knowledge of the damage. *See Mack*, 748 F.3d at 665–66. Additionally, Plaintiff states that he has disputed the debt multiple times within the two years prior to filing suit, but this is irrelevant as the limitations period begins to run once the plaintiff discovers the facts that give rise to a claim, not when the most recent report of a violation is made. *See id.*; *McCune v. United States DOJ*, 592 Fed. Appx. 287, 290 (5th Cir. 2014) ("A claimant may be charged with constructive notice of the relevant facts, if in the exercise of due diligence, he should have acquired knowledge of the

latter."); *Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2009) ("allowing a claim to accrue when the litigant first knows or with due diligence should know facts that will form the basis for an action").

Thus, Plaintiff's FCRA claim is barred by the statute of limitations. A court should generally give a plaintiff at least one chance to amend under Federal Rule of Civil Procedure 15(a) before dismissing an action with prejudice. *See Arnone v. Syed*, No. 3:17-cv-03027-E, 2020 U.S. Dist. LEXIS 75887, at *31–32 (N.D. Tex. April 30, 2020). Here, Plaintiff has been given one chance to amend his complaint, and the Court will permit a motion for leave to amend his claim to plead a stated date as to when he learned of the allegedly wrongfully reported debts if he can do so in compliance with the requirements of Federal Rules of Civil Procedure 11(b). Thus, the motion to dismiss should be granted without prejudice.

> b. Plaintiff is not entitled to a declaratory judgment due to lack of an actual controversy between the parties.

The Declaratory Judgment Act provides that the Court "upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). When considering a declaratory judgment action, a district court must engage in a three-step inquiry. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable. *Id.* Second, the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. *Id.* Third, the court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Id.*

Regarding the first step of the inquiry, a declaratory judgment action is ripe for adjudication only where an actual controversy exists. *Id.* at 896. An actual controversy exists where a substantial

controversy of sufficient immediacy and reality exists between parties having adverse legal interests. *Id.* This analysis is conducted on a case-by-case basis. *Id.* If the action is not ripe, the court must not only dismiss it, but must also end its analysis at the conclusion of the first step of the inquiry. *See id.* at 895.

Here, there is no actual controversy between parties having adverse legal interests. In seeking that Plaintiff does not owe any additional funds to Defendant, Plaintiff contends that Defendant has charged-off the underlying debt. Thus, there is no justiciable controversy as it is undisputed that the debt is charged off. To charge off is to treat an account "as a loss or expense because payment is unlikely." *Seelbach v. Ditech Fin.*, No. 3:17-CV-3386-D, 2018 U.S. Dist. LEXIS 121006, at *7 (N.D. Tex. July 19, 2018) (Fitzwater, J.); *see also Conn Credit I v. TF LoanCo, III*, 903 F.3d 493, n.1 (5th Cir. 2018) ("To 'charge off' is to treat an account 'as a loss or expense because payment is unlikely.' A charged-off account, in other words, is 'bad debt.'") (quoting *Charge Off*, BLACK'S LAW DICTIONARY (10th ed. 2014)). The charge is considered uncollectible by the original lender, although the debt is still legally valid and remains so after the charge-off. *Seelbach*, 2018 U.S. Dist. LEXIS 121006, at *7. When an account displays a status of 'charge off,' it means the account is closed to future use, although that debt is still owed. *Id.* at *8. To attempt to collect on a debt charged off is worthless. *See Wichita State Bank & Trust Co. v. Commissioner*, 69 F.2d 595, 596 (5th Cir. 1934). Thus, since the action is not ripe for adjudication as no actual controversy exists between the parties, Plaintiff is not entitled to a declaratory judgment. The Court finds this claim should be dismissed without prejudice for lack of ripeness. *See Mid Continent Cas. Co. v. Harvest Petroleum, Inc.*, 7:07-CV-121, 2009 U.S. Dist. LEXIS 73777, at *7 (N.D. Tex. Aug. 20, 2009).

## IV.  Conclusion

Plaintiff's FCRA claims are time barred, and he failed to meet the standard for a declaratory judgment. Therefore, Defendant's Motion to Dismiss is GRANTED. Both claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED: MARCH 31, 2022.

Ada Brown
UNITED STATES DISTRICT JUDGE